IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY ORLANDO FANN,          :
                               :
          Petitioner           :
                               :
     v.                        :    CIVIL NO. 4:CV-14-456
                               :
VINCENT T. MOONEY,             :    (Judge Brann)
                               :
          Respondent           :

**MEMORANDUM**

April 10, 2014

**Background**

Gregory Orlando Fann, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Coal Twp. Superintendent Vincent Mooney. The required filing fee has been paid. Accompanying the Petition is Fann's request " for a stay/abeyance of Petitioner's application for writ of habeas corpus." Doc. 2, p. 1. Service of the Petition has not yet been ordered.

According to the Petition, on February 16, 2010, Fann was convicted of first degree murder and related offenses following a non-jury trial in the Court of

1

Common Pleas of Luzerne County, Pennsylvania. He was sentenced on March 19, 2010 to a term of life imprisonment without parole on the murder charge and an additional aggregate 5 to 22 year term on the remaining charges.

Fann asserts that he filed a direct appeal to the Pennsylvania Superior Court asserting that the evidence was insufficient to sustain the verdict and that the trial court erred in denying his pre-trial motion to suppress. See Doc. 1, ¶ 9. The Superior Court of Pennsylvania affirmed his conviction and sentence. See Commonwealth v. Fann, 26 A.3d 1189 (Pa. Super March 11, 2011)(Table). A petition for allowance of appeal was subsequently denied by the Supreme Court of Pennsylvania See Commonwealth v. Fann, 24 A.3d 863 (Pa. July 19, 2011)(Table).

Petitioner states he also sought collateral relief via an action filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] According to Fann, his June 11, 2012 counseled PCRA petition raised the following six claims of ineffective assistance of trial counsel: (1) failure to properly examine discovery;

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

(2) ignoring a request for witnesses; (3) ineffectively arguing the evidence; (4) not impeaching Commonwealth witnesses with phone records; (5) failure to object to improper remarks made by the prosecutor; and (6) neglecting to object to cross examination. Also included in the PCRA petition were arguments that: (7) a delay in the appointment of a private investigator impeded Fann's defense; (8) Trooper Brogan lied when processing Frank Grande's affidavit; (9) the trial court judge fell asleep twice during trial; (10) prosecutorial misconduct for making a reference to Fann's alleged gang affiliation; and (11) Commonwealth witness Walter Parfaite could have committed the charged offenses. See Doc. 1, ¶ 11.

 The Petition asserts that Fann's PCRA action was denied by the Court of Common Pleas of Luzerne County on August 21, 2013. It also indicates that an appeal of said decision was filed with the Superior Court of Pennsylvania. According to Petitioner, his PCRA appeal is still pending before the Superior Court. See id. at p. 10.

 Ground One of Fann's pending federal action maintains that he is entitled to habeas corpus relief on the basis that the evidence was insufficient to sustain the verdict, an argument which he claims was unsuccessfully pursued in both his direct appeal and in the PCRA action. See Doc. 1, ¶ 12. Ground Two contends that the trial court erred by denying his pre-trial motion to suppress statements

made by Commonwealth witnesses Gipson and Shannon. According to Fann, this argument was also previously raised on both direct appeal and via his PCRA action. See id. at p. 10. Grounds Three, Four, Five, and Six raise contentions of ineffective assistance of counsel. It is asserted that these arguments were included in Fann's PCRA action. See id. at pp. 14 & 23. Grounds Seven, Eight, and Nine reassert the previously described claims regarding Trooper Brogan; the trial court judge's alleged lack of attention; and Commonwealth witness Parfaite.[2] Fann indicates that these same claims were also included in his aforementioned pending PCRA action. See id. at p. 25, ¶ 15.

Accompanying the Petition, is an application by Fann requesting that this matter be held in abeyance pending disposition of his pending PCRA appeal before the Superior Court of Pennsylvania . See Doc. 2. Petitioner argues that granting his request will allow him "to exhaust his unexhausted claims in the State Court through a Post Conviction Collateral Appeal" (presumably his pending PCRA appeal before the Superior Court). Id. at p. 2.

## **Discussion**

As previously noted, Petitioner has filed a request for stay and abeyance of proceedings. Fann's pending habeas Petition and request for stay maintain that he

---

[2] Fann's pending action also asserts that trial counsel was deficient for failure to pursue those issues.

has filed a timely § 2254 petition and that many of his pending claims have been raised in a 2012 PCRA action which is presently pending before the Superior Court of Pennsylvania. Petitioner requests that this matter be stayed until such time as he has exhausted his available state court remedies with respect to those unexhausted claims. See Doc. 2, p. 2.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally

barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). The Rhines Court recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The United States Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

<u>Rhines</u> and <u>Crews</u> both contemplate that the initial federal petition must be timely filed. In the present case, there is no indication that Fann's pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. Petitioner has requested a stay because his pending § 2254 action includes claims that he is also asserting via a PCRA petition which is presently under consideration in Pennsylvania state court. <u>See</u> Doc. 2.

As in <u>Crews</u>, Fann should not face the prospect of forfeiting federal court review of issues. In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Recognizing that Fann would have a relatively short period of time in which to file a new federal habeas petition after completion of the state review process if not granted a stay, together with the Petitioner's <u>pro se</u> status, counsels in favor of a stay of litigation in this case while Fann exhausts the state review process on his pending unexhausted federal claims. Accordingly, Petitioner's motion requesting a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court PCRA proceedings regarding his pending federal claims, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a

copy of the relevant Pennsylvania Superior and/or Supreme Court's dispositions. Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted. This matter will be marked closed, however, for administrative purposes. An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge