IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY ORLANDO FANN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-456 |
| | : | |
| VINCENT T. MOONEY, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

**MEMORANDUM**

April 22, 2016

**Background**

This pro se habeas corpus action pursuant to 28 U.S.C. § 2254 was filed by Gregory Orlando Fann, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette). By Memorandum and Order dated April 10, 2014, this Court granted Petitioner's motion for stay and administratively closed his case pending disposition of Fann's state court petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] See

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

Doc. 3.

After Petitioner notified this Court that his state PCRA proceedings had concluded, an Order was issued on December 15, 2015 which lifted the stay, reopened the case, and ordered service of the Petition. See Doc. 10. This matter is now ripe for consideration.

Fann was convicted of first degree murder, criminal solicitation to commit homicide, theft, and robbery on February 16, 2010 following a non-jury trial in the Court of Common Pleas of Luzerne County, Pennsylvania.[2] The charges stemmed from the shooting death of Aaron Witko on May 29, 2008. According to evidence presented at trial, the victim agreed through an intermediary to illegally sell a rifle to the Petitioner for money and drugs. Witko and Fann along with two other individuals then met for the purpose of completing the illegal transaction. However, when Witko produced the rifle Fann allegedly shot him multiple times with a handgun and took the rifle. Fann was identified by the two eyewitnesses as being the shooter.[3]

On March 9, 2010, Petitioner was sentenced to a term of life

---

[2] The parties acknowledge that the Commonwealth agreed not to seek the death penalty if Petitioner waived his right to a jury trial.

[3] While incarcerated awaiting trial Petitioner attempted to arrange for the murders of the two eyewitnesses. This conduct was the basis for his conviction of criminal solicitation to commit homicide.

imprisonment without parole on the murder charge and an additional aggregate 5 to 22 year term on the remaining charges. Following denial of post-trial motions, Petitioner filed an appeal to the Superior Court of Pennsylvania which was denied on March 11, 2011. See Commonwealth v. Fann, 26 A.3d 1189 (Pa Super 2011). A petition for allowance of appeal was subsequently denied by the Pennsylvania Supreme Court on July 19, 2011. See Commonwealth v. Fann, 24 A.3d 863 (Pa 2011)

On June 11, 2012, Fann filed a pro se PCRA petition with the trial court asserting various claims of ineffective assistance of counsel. Following appointment of counsel and an evidentiary hearing, the trial court issued an Order denying relief on October 22, 2013. The Superior Court affirmed the denial of PCRA relief on December 22, 2014. Fann's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on February 10, 2015. As previously indicated, the pending § 2254 action was filed on March 11, 2014 during the pendency of Fann's PCRA appeal before the Superior Court.

Petitioner's pending action initially claims entitlement to federal habeas corpus relief on the basis that the evidence was insufficient to sustain the guilty verdict on the first degree murder charge. See Doc. 1, ¶ 12, Ground One. Petitioner generally alleges that his conviction was not adequately supported

3

because the Commonwealth presented false evidence regarding the murder weapon. Ground Two vaguely contends that the trial court erred in denying Petitioner's motion to suppress.

According to Grounds Three through Nine, trial counsel provided ineffective assistance by: failing to obtain and review discovery including phone records; not investigating eyewitnesses; forcing Fann to forego a jury trial; not seeking a mistrial on the basis that the trial judge slept through part of the testimony and that the Commonwealth committed prosecutorial misconduct by mentioning Petitioner's alleged gang affiliation; failing to impeach the testimony of Trooper Brogan; and neglecting to present a proper trial strategy that another individual who had purchased the murder weapon was the person who committed the crime.

Respondent seeks dismissal of the Petition on the basis that Fann, at best, only exhausted one of his pending arguments for relief. Alternatively, the Respondent maintains that dismissal is appropriate because Petitioner's claims for relief lack merit.

**Procedural Default**

The Respondent asserts that, "save perhaps one", the arguments raised in the pending petition have not been exhausted before the Pennsylvania state courts.

Doc. 14, p. 12. Although Respondent acknowledges that Fann's PCRA action before the trial court raised eleven issues of ineffective assistance, it is argued that Fann's PCRA appeal only raised the sole issue that purported ineffectiveness of trial counsel rendered the Petitioner's waiver of his right to a jury trial involuntary and unknowing. See id. at p. 13. Despite being granted an opportunity to do so Petitioner has not filed a reply to this argument.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question

5

presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be

available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Beard v. Kindle, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

A copy of the Superior Court's decision with respect to Fann's direct appeal shows that Petitioner raised claims that the evidence was insufficient to sustain the verdict; the verdict was against the weight of the evidence; and the trial court erred in denying his pre-trial motion to suppress. See Doc. 14-5, pp. 15-16. As noted by the Superior Court, Fann's PCRA's appeal raised only issue for review, specifically that due to the ineffective assistance of counsel Petitioner's waiver of his right to a jury was not knowing and voluntary. See Doc. 14-8., p. 98.

Based upon a liberal review of the Petition, Grounds One (insufficient evidence), Two (improper denial of motion to suppress), and a portion of Ground Three (the invalid waiver of jury trial related claim) were sufficiently raised before the Pennsylvania state courts. However, the remaining habeas corpus arguments presently before this Court were not addressed on their merits by the Pennsylvania state appellate courts. It is equally apparent that given the passage of time and the fact that Petitioner has already pursued both a direct appeal and a PCRA action, those arguments have been procedurally defaulted in state court. It is particularly noted that although the arguments at issue were presented before the trial court via Fann's PCRA petition, he offers no explanation as to why they were not included in his PCRA appeal to the Superior Court. Petitioner's failure to do so resulted in the procedural default of those claims.

Thus, Fann has presented this Court with a mixed petition, specifically, one containing both exhausted and procedurally defaulted claims.  The United States Supreme Court has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

Given Petitioner's failure to offer any explanation whatsoever as to why he did not include his procedurally defaulted arguments in his PCRA appeal to the Superior Court he has failed to establish cause and resulting prejudice for his procedurally defaulted ineffective assistance of counsel arguments. There is also no basis for a finding that a fundamental miscarriage of justice would result if said claims were not addressed on their merits.  The Respondent's request for dismissal of the petition with exception of Fann's exhausted claims (Grounds One, Two, and a portion of Ground Three (the invalid waiver of jury trial related claim)  will be granted.

**Standard of Review**

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[4] See generally, Knowles v. Mirzayance, 556 U.S. 111, 114 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The United States Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell, 535 U.S. at 694:

---

[4] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . .

10

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e) (1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an

11

unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

**<u>Insufficient Evidence</u>**

Ground One generally argues that the evidence was insufficient to sustain the guilty verdict with respect to his first degree murder conviction. Fann vaguely contends that because the eyewitnesses had reason to lie and evidence was presented which showed that his handgun was a different color than the murder weapon, he is entitled to federal habeas corpus relief.

The standard of review used by a federal court when addressing the issue of sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, <u>reh'g denied</u>, 444 U.S. 390 (1979).

Under Pennsylvania state law in order to support a conviction for first degree murder it must be established a person was killed; the defendant is responsible for the killing; and the defendant acted with malice and a specific intent to kill. Based on an application of the standards announced in <u>Jackson</u>, there

was clearly sufficient evidence that supported the first degree murder conviction reached by the trial court judge. Specifically, as noted by the Superior Court in the direct appeal there was testimony presented by two eyewitnesses who both identified Petitioner as being the person who shot the victim. See Doc. 14-5, pp. 11-23. There was also testimony that Fann brought a gun to the meeting with the victim, shot him in the back, and thereafter attempted to cover up the crime. Other testimony offered during trial established that the murder weapon was discovered in the Petitioner's bedroom. This testimonial evidence along with the forensic evidence presented clearly could support a finding that Fann committed the murder with specific intent, thus sufficiently supporting a first degree murder conviction. Petitioner is not entitled to relief with respect to Ground One.

## **Motion to Suppress**

Ground Two contends that the trial court erred in denying his motion to suppress. Petitioner did file a pre-trial motion to suppress statements he gave to investigators. See Doc.14-1, p. 6. He also filed an unsuccessful pre-trial motion to suppress statements given by an inmate informant pertaining to the criminal solicitation charge. See id. at p. 59.

His pending Petition does not provide any discernible explanation as to why he feels that either or both of those motions were improperly denied. For instance

there is no argument by Petitioner that there was a violation of his right against self incrimination as guaranteed under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Rather, Fann's argument simply points out what he deems are material inconsistencies in the testimony presented against him at trial.

Federal habeas corpus review is generally not available to adjudge the correctness of a state court evidentiary ruling such as the admission of testimony. Based upon a liberal review of Petitioner's argument there are no facts presented which would warrant a determination that the trial court's denial of a pre-trial motion to suppress constituted an unreasonable application of clearly established federal law. Relief will be denied with respect to Ground Two.

**<u>Ineffective Assistance of Counsel</u>**

Petitioner's remaining exhausted claim asserts that his trial counsel provided ineffective assistance by advising him to waive his right to a jury trial. Respondent notes that Petitioner's trial counsel gave PCRA hearing testimony that there were extensive discussions with Fann regarding the advantages and disadvantages of a jury trial. <u>See</u> Doc. 14, p. 6. During those discussions, the Commonwealth's offer to not seek the death penalty if Petitioner elected to proceed with a non-jury trial was given consideration.

In <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), the Supreme Court

held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the Court of Appeals also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey

v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).[5] At the time of Petitioner's state court proceedings, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Pierce, 527 A.2d 973, 975-77 (Pa. 1987). The Court of Appeals has held that Pennsylvania's test for assessing

---

[5] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

16

ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claim is whether the Pennsylvania state courts' decisions involved an unreasonable application of Strickland or were based on an unreasonable determination of the facts. Jacobs, 395 F.3d at 107 n.9; Werts, 228 F.3d at 204.

As noted by the Superior Court in reviewing Petitioner's PCRA appeal, there was extensive discussion between trial counsel and Petitioner as to the pros and cons of waving his right to a jury trial. Of particular significance during those talks was consideration of the Commonwealth's agreement not to seek the death penalty if Fann proceed to a non-jury trial. The Superior Court concluded that since avoidance of the death penalty was a reasonable tactical decision, trial counsel's advice that Petitioner proceed to a non-jury trial did not constitute ineffective assistance.

Petitioner has not presented this Court with any facts or arguments which

17

would support a determination that the Superior Court's decision was contrary to or constituted an unreasonable application of clearly established Federal law. This Court likewise agrees that the decision by trial counsel to avoid possible imposition of the death penalty by advising Petitioner to proceed with a non-jury trial was a sound and reasonable tactical strategy. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).

**Conclusion**

In conclusion, despite having been afforded a liberal review by this Court, Fann has not satisfied his burden of establishing any entitlement to federal habeas corpus. An appropriate Order will enter.

BY THE COURT:

  s/   Matthew W. Brann
Matthew W. Brann
United States District Judge